**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Ernest Eugene Williams, Jr., Appellant.

Appellate Case No. 2013-002618

Appeal From Newberry County
Eugene C. Griffith, Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-459
Submitted August 1, 2015 – Filed September 16, 2015

**AFFIRMED**

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia; and Solicitor David Matthew Stumbo, of Greenwood, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The

admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion. An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law." (citation omitted)); *State v. Saltz*, 346 S.C. 114, 136, 551 S.E.2d 240, 252 (2001) ("When reviewing a trial court's ruling concerning voluntariness, [the appellate court] does not reevaluate the facts based on its own view of the preponderance of the evidence, but simply determines whether the trial court's ruling is supported by any evidence."); *State v. Moses*, 390 S.C. 502, 513-14, 702 S.E.2d 395, 401 (Ct. App. 2010) ("In South Carolina, the test for determining whether a defendant's confession was given freely, knowingly, and voluntarily focuses upon whether the defendant's will was overborne by the totality of the circumstances surrounding the confession. Courts have recognized appropriate factors that may be considered in a totality of the circumstances analysis: background; experience; conduct of the accused; age; maturity; physical condition and mental health; length of custody or detention; police misrepresentations; isolation of a minor from his or her parent; the lack of any advice to the accused of his constitutional rights; threats of violence; direct or indirect promises, however slight; lack of education or low intelligence; repeated and prolonged nature of the questioning; exertion of improper influence; and the use of physical punishment, such as the deprivation of food or sleep." (citations omitted)); *id.* at 514, 702 S.E.2d at 401 ("This list of factors is not an exclusive list. Moreover, no single factor is dispositive[,] and each case requires careful scrutiny of all surrounding circumstances." (citation omitted)).

**AFFIRMED.**[1]

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.